

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6145
Re: Whether the Commissioners'
Court is legally authorized
to pay rent for an office
used by the county superin-
tendent.

Your letter of July 27, 1944, requesting the opinion of this department on the questions stated therein, reads, in part, as follows:

"The County Auditor has just propounded the following question to me for an opinion:

'I am requesting your opinion whether the Commissioners' Court may legally pay rent of office used by the County Superintendent.'

"In briefing this subject, I find that the Constitution of Texas, Article 7, has made extensive provisions for our educational system. Article 3, Section 42 of the Texas Constitution provides that the legislature shall pass such laws that may be necessary to carry into affect the provisions of this Constitution. Apparently the office of County Superintendent is not a constitutional office, but has been created by the legislature by virtue of the above mentioned constitutional provisions. In fact, Section 16, of Article 7, provides that

'The legislature shall fix by law the terms of all offices of the Public School System and of the State Institutions of higher education, inclusive, and the terms of members of the respective boards, not to exceed six years'.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Apparently, in pursuance of the above mentioned constitutional provisions, the legislature enacted Article 2688 R.C.S. which creates the office of County Superintendent, the term of office, etc., and also provides that:

'----and who shall be provided by the Commissioners' Court with an office in the courthouse, and with necessary office furniture and fixtures ----'.

"It will be noted that Article 2688, R.C. S. as amended was enacted in 1932, whereas the legislature in 1935 enacted Article 3899 B. R.C.S. which provided in parts as follows:

'Section 2. Suitable offices and stationery and blanks necessary in the performance of their duties may in the discretion of the Commissioners' Court also be furnished to resident --- County Superintendent --- and may be paid for on order of the Commissioners' Court out of the County Treasury.'

"I have not been able to find any other statutes on the above question, and therefore, since Article 3899 B was passed subsequent to Article 2688, it is my opinion that it would not be mandatory on the Commissioners' Court to furnish suitable offices and stationery and blanks necessary in the performance of their duties, for the County Superintendent, but that the Court, in its discretion, may furnish the same if they so desire. On the other hand, Article 3899 B does not legislate on office "furniture and fixtures", and therefore Article 2688 R. C. S. would control, and that it would be mandatory upon the Commissioners' Court to furnish the "necessary office furniture and fixtures" to the County Superintendent. In this connection, Article 2700 R.C.S. makes provisions for the necessary office and traveling expenses of the County Superintendent. This Article was apparently passed as amended, in 1943. In this connection it would be my opinion that the Commissioners' Court would not be authorized to pay any expenses of the County Superintendent's office not provided for in said Articles 2688 and 3899 B R.C.S., but such office expenses must be provided for as set forth in said Article 2700 R.C.S."

Art. 2688, Vernon's Annotated Civil Statutes, reads in part, as follows:

"The Commissioners Court of every county having Three Thousand (3,000) scholastic population, or more, as shown by the preceding scholastic census, shall at a general election, provide for the election of a county superintendent to serve for a term of four (4) years, who shall be a person of educational attainments, good moral character, and executive ability, and who shall be provided by the Commissioners' Court with an office in the courthouse, and with necessary office furniture and fixtures...."

Section 2 of Article 3899B, V. A. C. S., provides:

"Suitable offices and stationery and blanks necessary in the performance of their duties may under the discretion of the Commissioners' Court also be furnished to resident District Judges, resident District and County Attorneys, County Superintendents and County Surveyors, and may be paid for on orders of the Commissioners' Court out of the County Treasury."

Article 2688, and 3899B, V. A. C. S., authorize the County Commissioners' Court to provide for certain needs of the County School Superintendent. In determining the question under consideration, it is our opinion that the foregoing statutes must be considered and construed together.

In our Opinion No. O-1781, a copy of which has been forwarded to you, it is stated:

"Under Art. 2688, it is mandatory upon the Commissioners' Court to furnish the County School Superintendent with an office and with necessary office furniture and fixtures. It is discretionary with the County Commissioners' Court as to whether or not it will provide suitable offices, and stationery and blanks under Art. 3899B. Construing the two statutes together, it is our opinion that the County Commissioners' Court must furnish the County School Superintendent with a suitable office and necessary office furniture and equipment, but may use its discretion in the matter of supplying stationery and blanks."

Specifically answering the questions presented in your inquiry, it is our opinion, that it is mandatory upon the Commissioners' Court to furnish the County School Superintendent with an office, and if an office is not available in the courthouse, the Commissioners' Court must furnish the County Superintendent with an office and pay the rent for such office.

In view of what has been said in our Opinion No. 0-1781, a portion of which has heretofore been quoted, we deem it unnecessary to discuss further the matters presented in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant.

AW:rt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN